# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY DEE BICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV93 SNLJ |
| | ) | |
| UNKNOWN ESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the plaintiff's response to the Court's August 16, 2010 Memorandum and Order requiring plaintiff to file an amended complaint in this action. Because plaintiff's "Amended Complaint" is frivolous and/or fails to state a claim upon which relief maybe granted, the Court will dismiss this action without prejudice.

### Background

Plaintiff, an inmate at Stoddard County Detention Center, filed the instant action on June 7, 2010, pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff complained of a denial of medical care and named two police officers as defendants, as well as the Cape Girardeau Police Department. Specifically, plaintiff claimed that during the course of his arrest defendant Jenson injured his testicles, and defendant Ester held him down and threatened him. Plaintiff

claimed that as a result of the injury, he had surgery on his testicles, but that the Jail refused him a second surgery during his incarceration there.

In its August 16, 2010 Memorandum and Order, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 to ascertain whether plaintiff's complaint was frivolous, malicious, and/or failed to state a claim upon which relief could be granted. The Court found that plaintiff's claim against the Cape Girardeau County Jail was legally frivolous because the Jail was not a suable entity. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81 (8th Cir. 1992). The Court additionally found that plaintiff had not asserted a cause of action against defendants Jenson and Ester because his complaint was silent as to the capacity under which he was suing these defendants. Accordingly, the Court presumed that plaintiff was attempting to sue the individual defendants pursuant to their official capacity. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's claim failed as his complaint did not contain any allegations that a policy or custom of a governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978).

Noting that his complaint was subject to dismissal without prejudice pursuant to § 1915, the Court, nevertheless, provided plaintiff with thirty days to

file an amended complaint in this action. Plaintiff was told that his amended complaint would supercede his original complaint and all claims not re-alleged would be deemed abandoned.

On August 20, 2010, plaintiff filed a "Motion to Amend/Add Name," as well as a one page document entitled "Amended Complaint." The Court will grant plaintiff's motion to amend and review his amended complaint pursuant to 28 U.S.C. § 1915.

**Discussion**

In his "Motion to Amend/Add Name" plaintiff seeks to "cause to be added the Cape Girardeau City Council into the complaint..." Plaintiff, however, has not made any allegations against the City Council, and as such, his claims are subject to dismissal. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Plaintiff's one page "Amended Complaint" contains the same deficiencies noted as to his previous complaint. Plaintiff's complaint is still silent as to the capacity in which he is suing the individual defendants, does not allege a violation of a policy or custom, and as such is subject to dismissal. See Monell, 436 U.S. at 690-91.

Lastly, the Court notes that plaintiff has also filed a Motion for Appointment of Counsel. Because plaintiff has failed to state a claim in his "Amended Complaint," the Court does not believe counsel is warranted at this time. See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984) (noting that one of the factors in the determination of whether to appoint counsel is whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief). Moreover, the Court notes that plaintiff has two other ongoing civil cases in this district at this time with substantially similar allegations regarding his purported lack of medical care at the Cape Girardeau County Jail and Stoddard County Detention Center. The Court takes note that in one of those cases, he is already represented by appointed counsel. See Bice v. Hefner, 1:10CV87 CEJ and Bice v. Jordan, 1:10CV21 CEJ. As such, his motion for appointment of counsel in this action will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend/Add Name [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the Amended Complaint because the Amended Complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  13th  day of September, 2010.

                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE